228-07/WLJ/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ESSAR INTERNATIONAL LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

William L. Juska (WJ 0772)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ESSAR INTERNATIONAL LIMITED,                    07 CV _____    (    )

                    Plaintiff,

          -against -                            **VERIFIED COMPLAINT**

MARTRADE GULF LOGISTICS FZCO,

                    Defendant.
-----------------------------------------------------------x

          Plaintiff ESSAR INTERNATIONAL LIMITED ("ESSAR"), by and through its attorneys

Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant

MARTRADE GULF LOGISTICS FZCO ("MARTRADE"), alleges upon information and belief

as follows:

          1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.*

and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

          2.     At all times relevant hereto, Plaintiff ESSAR was and still is a business entity

organized and existing under the laws of a foreign country, with an office located at 1, Le

Merchant Street, St. Peter Port, Guernsey, Channel Islands.

3.    At all times relevant hereto, Defendant MARTRADE was and still is a business entity organized under the laws of a foreign country with an office located at P.O. Box 17858, Jebel Ali, Dubai, United Arab Emirates.

4.    On or about June 29, 2006, Plaintiff ESSAR, as owner, and Defendant MARTRADE, as charterer, entered into a maritime contract of charter party on a New York Produce Exchange form for the use and operation of the M/V LINDOS ("the Charter Party").

5.    The Charter Party was to be for a "period of minimum 6 up to 9 months +/- 15 days in charterers [sic] option" at a daily hire rate of $15,600.

6.    Plaintiff ESSAR duly tendered the vessel into service of MARTRADE on July 9, 2006 and has fulfilled all its obligations under the Charter Party.

7.    Pursuant to the terms of the Charter party, MARTRADE was required to redeliver the M/V LINDOS to ESSAR on or about April 24, 2007.

8.    On April 25, 2007, however, in violation of the terms of the Charter Party, MARTRADE notified ESSAR that it would not redeliver the vessel until May 14, 2007.

9.    As a result of MARTRADE's breach in failing to redeliver the M/V LINDOS on April 24, 2007, ESSAR has been prevented from engaging the vessel at the more profitable, current, market hire rate of $50,604 per day.

10.    ESSAR, due to MARTRADE's wrongful conduct, has sustained damages in the sum of $919,063.33, reflecting the non-payment of daily hire at the charter party rate of $15,600 per day for the period May 1 – May 14, totaling $218,400; plus unpaid cabling, victualing and entertainment expenses for that period of $583.33; and plus the loss of the hire differential at the market rate, $35,004 from April 24, 2007 to May 14, 2007, totaling $700,080, for which MARTRADE is fully liable to ESSAR.

11.    In addition, during the course of the parties' performance, MARTRADE repeatedly breached the Charter Party. More specifically, Defendant MARTRADE improperly: (a) withheld hire in the sum of $18,226.35; (b) deducted alleged speed claims in the sum of $49, 725; (c) deducted alleged consumption of bunkers in the sum $34,900; (c) deducted an additional premium related to lighterage operations at the Port of Longkou, China, which deduction amounted to $10,000.

12.    Plaintiff ESSAR demanded payment from MARTRADE for the aforementioned outstanding claims. Despite having made due demand, however, Defendant MARTRADE, in breach of the Charter Party with ESSAR, refused or otherwise failed to pay.

13.    The Charter Party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London. Plaintiff ESSAR expressly reserves herein its right to arbitrate the merits of its claims against MARTRADE in accordance with the agreement of the parties.

14.    This action is brought to obtain jurisdiction over the Defendant MARTRADE and to obtain security in favor of Plaintiff ESSAR in respect to its claims against MARTRADE and in aid of London arbitration proceedings.

15.    This action is further brought to obtain security for any additional sums to cover Plaintiff ESSAR's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules as applicable to London Arbitration.

16.    Upon information and belief, and after investigation, Defendant MARTRADE cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire

transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant MARTRADE at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17.    As nearly as presently can be computed, the total amount sought by Plaintiff ESSAR to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant MARTRADE includes:

(a) Claim for non-payment of hire,  a related claim for cabling, crew victualing and entertainment expenses and loss hire differential at the market rate in the total sum of $919,063.33;

(b) Claim for withheld hire in the sum of $18,226.35;

(c) Claim for speed claims deductions in the sum of $49,725;

(d) Claim for bunker consumption deduction in the sum of $34,900;

(e) Claim for  additional premium deducted for lighterage operations at Liankou, China in the sum of $10,000;

(f) Interest of $165,335.10on the above sums (subparagraphs a-e), calculated at the rate of 7.5% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(g) Attorneys' fees and costs to be incurred in London arbitration, which English solicitors estimate to be $130,000.

18.    Based upon the foregoing, Plaintiff ESSAR therefore seeks to attach the total sum of **$1,327,249.78** in this action.

WHEREFORE, Plaintiff ESSAR INTERNATIONAL LIMITED prays:

A.    That process in due form of law according to the practice of this Court may issue against Defendant MARTRADE GULF LOGISTICS FZCO, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claims of $1,031,914.68 plus interest, costs and attorney fees;

B.    That if Defendant cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of **$1,327,249.78** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein served;

C.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

D.    That Plaintiff have such other, further and different relief as this Court may deem

just and proper in the premises.

Dated:  New York, New York
         May 1, 2007

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              ESSAR INTERNATIONAL LIMITED


                   By:    _____
                              William L. Juska, (WJ 0772)
                              Manuel A. Molina (MM 1017)
                              80 Pine Street
                              New York, NY  10005
                              (212) 425-1900
                              (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                  ) ss.:
County of New York )

WILLIAM L. JUSKA, being duly sworn, deposes and says as follows:

1.     I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
William L. Juska

Sworn to before me this
_/_ day of Mayl, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08