UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESSAR INTERNATIONAL LIMITED,            07 Civ. 3439 (WHP)

              Plaintiff,

       - against –                                          **DECLARATION**

MARTRADE GULF LOGISTICS FZCO,

              Defendant.
------------------------------------------------------------X

     ***Keith B. Dalen***, an attorney duly admitted to practice before this Honorable Court, declares under the penalties of perjury as follows:

     1.     I am a member of the firm of Hill Rivkins & Hayden LLP, and I provide this Declaration in support of the Motion of Marlog-LBG Logistics GmbH ("Marlog") by way of an Order to Show Cause to Vacate certain attachments of Marlog's property attached pursuant to Supplemental Rule B Writs of Maritime Attachment and Garnishment served by Plaintiff Essar International Limited ("Essar") in this action. Marlog also requests in the same Motion that Plaintiff Essar be enjoined from further attaching Marlog's property.

     2.     This matter is being brought by Motion by way of Order to Show Cause, as authorized by Supplemental Admiralty Rule E(4)(f) of the Federal Rules of Civil Procedure, because Plaintiff Essar has attached Marlog's funds at Deutsche Bank in the Southern District as purported security against named-Defendant Martrade Gulf Logistics FZCO ("Martrade") in the instant action. This attachment of funds has impaired Marlog's ability to proceed with its normal business.

3. Marlog, by and through its attorneys, enters this "restricted appearance" pursuant to Supplemental Rule E(8), as Marlog appears only to defend against the plaintiff's wrongful attachment of its property pursuant to a Supplemental Rule B Writ of Maritime Attachment and Garnishment.

4. Plaintiff's claim against Defendant Martrade allegedly arises under a charter party agreement, for the charter of Plaintiff's vessel, the M/V LINDOS. Plaintiff commenced the instant action against Defendant Martrade in the Southern District of New York on or about May 1, 2007, seeking, among other things, $1,327,249.78, in security by way of attachment of Defendant Martrade's assets as security for a London arbitration plaintiff intended to commence. <u>Verified Complaint, ¶¶ 4, 15, 17, 18</u> (attached as Exhibit 2).

5. In purported furtherance of its goal of $1,327,249.78 in security against Defendant Martrade, on June 1, 2007, Plaintiff Essar attached $157,000.00 of Marlog's funds as it was being transferred though intermediary bank Deutsche Bank here in the Southern District of New York. <u>Maassen Declaration, ¶ 7</u> (attached as Exhibit 1); <u>June 1, 2007, Notice of Attachment</u> (attached as Exhibit 3).

6. Marlog seeks to vacate this and any previous and/or subsequent attachments of which it has not yet been informed of on the following grounds:

(i) Plaintiff has not named Marlog as defendant in this action;

(ii) While Defendant Martrade and non-Defendant Marlog are both subsidiaries of the same company, plaintiff has not alleged that they are corporate alter-egos of one another, and, in fact, they are respectively headquartered in distant foreign countries: Marlog in Germany, and Martrade in the United Arab Emirates; and,

(iii) As is set forth at length in the accompanying Memorandum of Law, since Marlog was not named as a defendant nor alleged to be a corporate alter-ego of Defendant Martrade, there are no viable Supplemental Rule B grounds upon which to attach Marlog's funds.

7. Marlog also requests that the Court enjoin plaintiff from wrongfully attaching any further assets of Marlog.

8. In support of its Motion to Vacate by way of Order to Show Cause, Marlog relies on the Declaration of Klaus Maassen, a Managing Director of Marlog, and the supporting Memorandum of Law. The original Maassen Declaration will be provided to the Court as soon as it is received from the courier.

9. Upon the foregoing reasons, Marlog respectfully submits that the Court should issue an order directing that any attachments of Marlog's property pursuant to Supplemental Rule B Maritime Attachment Orders issued to Plaintiff Essar in this action be immediately vacated, and that no further Marlog property be attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 29, 2007

_____
Keith B. Dalen (KD 4997)

Exh. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
ESSAR INTERNATIONAL LIMITED,            07 Civ. 3439 (WHP)

        Plaintiff,

  - against –                              **DECLARATION OF KLAUS MAASSEN**
                                          **PURSUANT TO 28 U.S.C. § 1746**
MARTRADE GULF LOGISTICS FZCO,

        Defendant.
----------------------------------------------------X

Klaus Maassen, declares under penalty of perjury as follows:

1. I am the Managing Director of Marlog-LBG Logistics GmbH ("Marlog") and make this declaration in support of Marlogs's Motion to Vacate Rule B Maritime Attachment by way of Order To Show Cause.

2. Marlog is a corporation organized and existing by virtue of the laws of Germany.

3. Marlog is a subsidiary of IQ Martrade Holding und Managementgesellschaft mbH ("IQ"), a corporation organized and existing by virtue of the laws of Germany.

4. Martrade Gulf Logistics FZCO ("Martrade") is a corporation organized and existing by virtue of the laws of the United Arab Emirates, and is also a subsidiary of IQ.

5. Marlog and Martrade, while subsidiaries of the same corporate entity, are separate and distinct corporate entities—to wit, Martrade is headquartered in Dubai, U.A.E., and Marlog is headquartered in Düsseldorf, DE.

6. Martrade was named as a defendant in the above-captioned action, commenced in the Southern District of New York on May 1, 2007.

1

7. Pursuant to a Rule B Process of Maritime Attachment and Garnishment, issued to plaintiff against Defendant Martrade, plaintiff served Deutsche Bank in the Southern District of New York with an attachment order on or about June 1, 2007; pursuant to this attachment order, intermediary bank Deutsche Bank interrupted an electronic funds transfer in the amount of $157,000.00, from sender Marlog's account at the originating bank, Deutsche Bank AG Düsseldorf, in Germany, to beneficiary Inchcape Shipping Services at receiving bank, Commercial International Bank, in Port Said, Egypt.

8. Since, to date, Marlog has not been referenced in this action, let alone named as a defendant, Marlog respectfully submits that the June 1, 2007 attachment and/or any other attachments of Marlog's funds in this matter must be immediately vacated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 29, 2007.

Signed: _____
Klaus Maassen

At:    Düsseldorf / Germany

2

Exhibit 2

228-07/WLJ/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ESSAR INTERNATIONAL LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

William L. Juska (WJ 0772)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ESSAR INTERNATIONAL LIMITED,          07 CV ____ ( )

        Plaintiff,

    -against -                                   **VERIFIED COMPLAINT**

MARTRADE GULF LOGISTICS FZCO,

        Defendant.
-------------------------------------------------------x

(Stamp: Judge Pauley 07 CV 3439)
(Stamp: MAY 0 1 2007 U.S.D.C. S.D.N.Y. CASHIERS)

    Plaintiff ESSAR INTERNATIONAL LIMITED ("ESSAR"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant MARTRADE GULF LOGISTICS FZCO ("MARTRADE"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

    2.    At all times relevant hereto, Plaintiff ESSAR was and still is a business entity organized and existing under the laws of a foreign country, with an office located at 1, Le Merchant Street, St. Peter Port, Guernsey, Channel Islands.

NYDOCS1/282358.1                1

3. At all times relevant hereto, Defendant MARTRADE was and still is a business entity organized under the laws of a foreign country with an office located at P.O. Box 17858, Jebel Ali, Dubai, United Arab Emirates.

4. On or about June 29, 2006, Plaintiff ESSAR, as owner, and Defendant MARTRADE, as charterer, entered into a maritime contract of charter party on a New York Produce Exchange form for the use and operation of the M/V LINDOS ("the Charter Party").

5. The Charter Party was to be for a "period of minimum 6 up to 9 months +/- 15 days in charterers [sic] option" at a daily hire rate of $15,600.

6. Plaintiff ESSAR duly tendered the vessel into service of MARTRADE on July 9, 2006 and has fulfilled all its obligations under the Charter Party.

7. Pursuant to the terms of the Charter party, MARTRADE was required to redeliver the M/V LINDOS to ESSAR on or about April 24, 2007.

8. On April 25, 2007, however, in violation of the terms of the Charter Party, MARTRADE notified ESSAR that it would not redeliver the vessel until May 14, 2007.

9. As a result of MARTRADE's breach in failing to redeliver the M/V LINDOS on April 24, 2007, ESSAR has been prevented from engaging the vessel at the more profitable, current, market hire rate of $50,604 per day.

10. ESSAR, due to MARTRADE's wrongful conduct, has sustained damages in the sum of $919,063.33, reflecting the non-payment of daily hire at the charter party rate of $15,600 per day for the period May 1 – May 14, totaling $218,400; plus unpaid cabling, victualing and entertainment expenses for that period of $583.33; and plus the loss of the hire differential at the market rate, $35,004 from April 24, 2007 to May 14, 2007, totaling $700,080, for which MARTRADE is fully liable to ESSAR.

11. In addition, during the course of the parties' performance, MARTRADE repeatedly breached the Charter Party. More specifically, Defendant MARTRADE improperly: (a) withheld hire in the sum of $18,226.35; (b) deducted alleged speed claims in the sum of $49,725; (c) deducted alleged consumption of bunkers in the sum $34,900; (c) deducted an additional premium related to lighterage operations at the Port of Longkou, China, which deduction amounted to $10,000.

12. Plaintiff ESSAR demanded payment from MARTRADE for the aforementioned outstanding claims. Despite having made due demand, however, Defendant MARTRADE, in breach of the Charter Party with ESSAR, refused or otherwise failed to pay.

13. The Charter Party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London. Plaintiff ESSAR expressly reserves herein its right to arbitrate the merits of its claims against MARTRADE in accordance with the agreement of the parties.

14. This action is brought to obtain jurisdiction over the Defendant MARTRADE and to obtain security in favor of Plaintiff ESSAR in respect to its claims against MARTRADE and in aid of London arbitration proceedings.

15. This action is further brought to obtain security for any additional sums to cover Plaintiff ESSAR's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules as applicable to London Arbitration.

16. Upon information and belief, and after investigation, Defendant MARTRADE cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire

transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant MARTRADE at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17. As nearly as presently can be computed, the total amount sought by Plaintiff ESSAR to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant MARTRADE includes:

    (a) Claim for non-payment of hire, a related claim for cabling, crew victualing and entertainment expenses and loss hire differential at the market rate in the total sum of $919,063.33;

    (b) Claim for withheld hire in the sum of $18,226.35;

    (c) Claim for speed claims deductions in the sum of $49,725;

    (d) Claim for bunker consumption deduction in the sum of $34,900;

    (e) Claim for additional premium deducted for lighterage operations at Liankou, China in the sum of $10,000;

    (f) Interest of $165,335.10 on the above sums (subparagraphs a-e), calculated at the rate of 7.5% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

    (g) Attorneys' fees and costs to be incurred in London arbitration, which English solicitors estimate to be $130,000.

18. Based upon the foregoing, Plaintiff ESSAR therefore seeks to attach the total sum of $1,327,249.78 in this action.

WHEREFORE, Plaintiff ESSAR INTERNATIONAL LIMITED prays:

A. That process in due form of law according to the practice of this Court may issue against Defendant MARTRADE GULF LOGISTICS FZCO, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claims of $1,031,914.68 plus interest, costs and attorney fees;

B. That if Defendant cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of $1,327,249.78 be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein served;

C. That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

    D.    That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
         May 1, 2007

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    ESSAR INTERNATIONAL LIMITED

By: _____
     William L. Juska, (WJ 0772)
     Manuel A. Molina (MM 1017)
     80 Pine Street
     New York, NY 10005
     (212) 425-1900
     (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

WILLIAM L. JUSKA, being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
William L. Juska

Sworn to before me this
_1_ day of May1, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/282358.1                        7

# Exhibit 3

GEORGE B. FREEHILL
WILLIAM I. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH°
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.▲
THOMAS M. RUSSO
THOMAS M. CANEVARI°
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▲
MICHAEL E. UNGER*
WILLIAM J. PALLAS*
GINA M. VENEZIA*▲
BARBARA G. CARNEVALE*
DOLORES N. O'LEARY*
MANUEL A. MOLINA
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*°
DANIEL J. FITZGERALD*▲
JILL A. TAFT
MICHAEL C. ELLIOTT*

* ALSO ADMITTED IN NEW JERSEY
° ALSO ADMITTED IN CONNECTICUT
▲ ALSO ADMITTED IN WASHINGTON, D.C.
■ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820 4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 358-8377

June 1, 2007

OUR REF: 228-07/WLJ/MAM

**VIA TELEFAX AND ELECTRONIC MAIL**

Martrade Gulf Logistics FZCO
Operations Department
Dubai, United Arab Emirates

Attn: Mr. Krishnan
e-mail: operations@mgldubai.com
Telefax: 011-971- 4-8811579

Re:   Eassar International Limited v. Martrade Gulf Logistics FZCO
      SDNY: 07 CIV 3439(WHP)

## NOTICE OF ATTACHMENT

Dear Sirs:

As you know from our Notice of Attachment dated May 7, We are attorneys for Plaintiff Essar International Limited ("Essar") in the above-referenced matter which concerns a dispute between Essar and Martrade Gulf Logistics FZCO ("Martrade") regarding a breach of a maritime contract of charter party for the use and operation of the M/V LINDOS. We have applied for and obtained a Court-ordered writ of maritime attachment against property of Martrade from the United States District Court for the Southern District of New York. The writ was served on garnishee banks in New York. We have now been advised that funds remitted for the benefit of· to Martrade have been restrained pursuant to the writ in the sum $157,000 by Deutsche Bank.

NYDOCS1/284417.1

June 1, 2007
Page 2

      This letter is being sent to you pursuant to our Local Admiralty Rule B.2 in order to provide you with notice of the attachment.

                              Very truly yours,

                              FREEHILL HOGAN & MAHAR, LLP

                              William L. Juska, Jr.
                              Manuel A. Molina