UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESSAR INTERNATIONAL LIMITED,                07 Civ. 3439 (WHP)

          Plaintiff,

  - against –

MARTRADE GULF LOGISTICS FZCO,

          Defendant.
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MARLOG-LBG LOGISTICS GMBH'S MOTION TO VACATE RULE B MARITIME ATTACHMENT BY WAY OF ORDER TO SHOW CAUSE

**OF COUNSEL:**

Keith B. Dalen
Christopher M. Panagos
Andrew R. Brown

1

## PRELMINARY STATEMENT

Marlog-LBG Logistics GmbH ("Marlog"), a non-party in the instant action, submits this Memorandum of Law in support of its Motion to Vacate Rule B Maritime Attachment by way of Order to Show Cause pursuant to Fed. R. Civ. P. Supp. Rule E(4)(f). Marlog asserts that its appearance here in the Southern District of New York is a "restricted appearance" pursuant to Fed. R. Civ. P. Supp. Rule E(8). Marlog respectfully submits that plaintiff possessed no lawful basis for the attachment of its funds, as Marlog is not a named defendant in the instant action, nor has plaintiff alleged that Marlog is a corporate alter-ego of the sole, named defendant. Accordingly, Marlog respectfully submits that this Court should vacate immediately the plaintiff's attachment of approximately $157,000.00, of Marlog's funds that occurred on or about June 1, 2007, and enjoin plaintiff from attaching any additional Marlog property.

## STATEMENT OF FACTS

Marlog-LBG Logistics GmbH ("Marlog") is a marine logistics provider headquartered in Düsseldorf, Germany. Marlog is a subsidiary of IQ Martrade Holding und Managementgesellschaft mbH, also located in Düsseldorf, Germany. The named Defendant in this action, Martrade Gulf Logistics FZCO ("Martrade"), is an international shipping company, headquartered in Dubai, U.A.E. Defendant Martrade, like Marlog is a subsidiary of IQ Martrade Holding und Managementgesellschaft mbH. However, Martrade and Marlog are separate corporate entities, headquartered in two distant

2

countries—their only relation being their existence as subsidiaries of the same parent company.

On or about June 29, 2006, Defendant Martrade entered into a charter party agreement with Plaintiff Essar International Limited ("Essar"), for the use and operation of Essar's vessel, the "M/V Lindos." Verified Complaint, ¶ 4 (Dalen Decl., Exh. 2). Due to disputes arising from the charter party agreement, on May 1, 2007, Plaintiff Essar commenced suit in this Court, attempting to "obtain jurisdiction over Defendant Martrade and to obtain security in favor of Plaintiff Essar in respect to its claims against Martrade and in aid of London arbitration proceedings," and "to obtain security for any additional sums to cover Plaintiff Essar's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules as applicable to London Arbitration." Id. at ¶¶ 14, 15. Additionally, plaintiff alleged that Defendant Martrade could not be "'found' within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims," and sought attachment of Defendant Martrade's assets pursuant to Rule B in the total sum of $1,327,249.78. Id. at ¶¶ 16, 18. Marlog is not named as a defendant nor is mentioned in any capacity in plaintiff's Verified Complaint. Id.

On or about June 1, 2007, plaintiff's counsel sent a written "Notice of Attachment" to Defendant Martrade, claiming that "funds remitted for the benefit of to [sic] Martrade have been restrained pursuant to the writ in the sum $157,000 by Deutsche Bank." Notice of Attachment, June 1, 2007 (Dalen Decl. Exh. 3). These electronically-transferred funds were restrained by the intermediary bank, Deutsche Bank, in the Southern District, the transfer originating at Marlog's account with Deutsche Bank in

Germany, and were bound for payment to beneficiary Inchcape Shipping Services, at the destination bank in Egypt. Client Aff., ¶ 7 (Dalen Decl. Exh. 1).

## ARGUMENT

### POINT I

### PLAINTIFF CANNOT LEGITIMATELY ATTACH THE PROPERTY OF MARLOG, A COMPANY THAT IS NOT NAMED AS A DEFENDANT IN THE INSTANT ACTION NOR ALLEGED TO BE DEFENDANT MARTRADE'S CORPORATE ALTER EGO

Plaintiffs seeking a writ of maritime attachment "must comply with Rule B, which states in relevant part:

> If a defendant is not found within the district, . . . a verified complaint may contain a prayer for process to attach the *defendant's* tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process . . . . The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment.

T&O Shipping, Ltd. v. Source Link Co., Ltd., 2006 WL 3513638, *2 (S.D.N.Y. Dec. 5, 2006) (quoting Fed. R. Civ. P. Supp. R. B(1)(a)-(b) (emphasis added)). Any person whose property is attached pursuant to Rule B can contest the attachment before the district court, compelling the plaintiff "to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R. Civ. P. Supp. R. E(4)(f). At a hearing pursuant to E(4)(f), in order to sustain the attachment, a plaintiff "must show that it has fulfilled the 'filing and service requirements of Rules B and E' and that: '(1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the *defendant's property* may be found

4

within the district; and (4) there is no statutory or maritime law bar to the attachment.'" T&O Shipping, 2006 WL 3513638 at *2 (quoting Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006) (emphasis added)). If a plaintiff fails to prove that it has met Rule B and E's requirements, "the district court must vacate the attachment." Id.

Rule B only permits attachment of a named defendant's assets. T&O Shipping, at *4 ("Rule B limits the scope of an attachment to a *defendant who is named in a verified complaint*") (emphasis added); See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 269 (2d. Cir. 2002) ("In attachment and garnishment proceedings the persons whose interests will be affected by the judgment are identified by the complaint"); DS Bulk Pte. Ltd. v. Calder Seacarrier Corp., 2006 WL 1643110, at *2 (S.D.N.Y. June 13, 2006) ("The language of Supplemental Rule B clearly anticipates that only a 'defendant' will be subject to an order of attachment.") In two separate Southern District of New York cases involving a plaintiff's attachment of funds possessed by entities not named as defendants in the underlying suit and not alleged to be alter egos of named defendants, the respective Courts vacated the attachments without pause.

In T&O Shipping, the plaintiff attached a non-party's funds, purportedly pursuant to a Rule B Attachment Order against the named Defendant. See T&O Shipping, 2006 WL 3513638, at *3-4. The plaintiff then attempted to justify the attachment, claiming that the named defendant had an "interest" in the third-party funds attached. Id. at *4. However, District Judge Karas dismissed the plaintiff's argument, holding:

> First, the fact that [the named defendant] may have an 'interest' in the attached funds is largely irrelevant to a motion to vacate; the standard for defending an attachment is more exacting than possession of a mere interest in the

5

> attached funds. Second, [plaintiff's] argument that [the non-named entity whose funds were wrongfully attached] is a shell corporation that [the named defendant] uses to shield itself from liability, even if it were true, would not justify the attachment of [non-named entity's] funds, unless it was named in the Verified Complaint. Rule B demands as much.

Id. (internal citation omitted).

Similarly, in DS Bulk Pte. Ltd. v. Calder Seacarrier Corp., 2006 WL 1643110, at *2 (S.D.N.Y. June 13, 2006), District Judge Stein, when presented with a factual scenario nearly identical to that in T&O Shipping, held that only a named defendant's funds could be attached. Id. at *2. When the plaintiff propounded the same argument as the plaintiff in T&O Shipping—mainly, that the funds attached in the possession of a non-defendant were actually property of the named defendant—the Court held: "plaintiff [has] cite[d] no authority for the proposition that property of a non-party to an action may be attached on the bare assertion that this property in fact belongs to a party to the action." Id. at *2. The Court then dismissed the portion(s) of the attachment that were seized from the non-named entity. Id. at *3.

The facts of the instant case mirror those in both T&O Shipping and DS Bulk. Plaintiff Essar attached approximately $157,000.00 in funds belonging to Marlog, a non-named party. Despite the fact that Marlog and Martrade are subsidiaries of the same corporate entity, as a non-defendant, Marlog's funds cannot be attached. Accordingly, as plaintiff's attachment of Marlog's funds was unsupportable by law, Marlog respectfully submits that the plaintiff's attachment of its funds on or about June 1, 2007, must be vacated.

## **CONCLUSION**

For the foregoing reasons, the Court should issue an order directing that the June 1, 2007, and any previous or subsequent attachments of Marlog's property by Plaintiff Essar in this district be immediately vacated, and that plaintiff be enjoined from further attachment of Marlog's property.

Dated: New York, New York
       June 29, 2007

                              Respectfully Submitted:

                              HILL RIVKINS & HAYDEN LLP

By: _____
                              Keith B. Dalen (KD-4997)
                              45 Broadway – Suite 1500
                              New York, New York 10006
                              (212) 669-0600