228-07/WLJ/MAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESSAR INTERNATIONAL LIMITED,            07 Civ. 3439 (WHP)

       Plaintiff,

  -against-

MARTRADE GULF LOGISTICS FZCO,

       Defendant.
------------------------------------------------------------x


**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO MOTION BY MARLOG-LBG LOGISTICS GmbH <u>TO VACATE THE ATTACHMENT</u>**


FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ESSAR INTERNATIONAL LIMITED
80 Pine Street
New York, NY 10005
Tel: (212) 425-1900 / Fax: (212) 425-1901

Of Counsel:
William L. Juska (WJ 0772)
Manuel A. Molina (MM 1017)

NYDOCS1/286622.1

Plaintiff, ESSAR INTERNATIONAL LIMITED ("Essar"), by and through its counsel, Freehill Hogan & Mahar, LLP, hereby submits, as directed by this Court at the hearing held on July 6, 2007, this sur-reply memorandum of law in opposition to the motion of MARLOG-LBG LOGISTICS GMBH ("Marlog") to vacate certain attachments.

## PRELIMINARY STATEMENT

The issue for this Court, it is respectfully submitted, is whether Defendant Martrade Gulf Logistics FZCO ("Martrade") has a sufficient proprietary interest in the attached funds. In light of the admissions made by Marlog at the July 6, 2007 hearing, that question must be answered affirmatively, as Martrade has an "attachable interest" in the funds Marlog was advancing on Martrade's behalf.

At the July 6 hearing Marlog conceded the following dispositive facts:

- Inchcape Shipping Services ("Inchcape") provided agency services to Defendant Martrade, *not* Marlog, totaling the sum of $157,165. As a result, Martrade became indebted to Inchcape in that amount.

- The Inchcape Invoice (marked as Court Exhibit 1) produced by Marlog contains the notation that "enclosed please see *payment-order from mgl-dubai* [Martrade Gulf Logistics] *executed from marlog-account*." (Exhibit A annexed to the Affidavit of Manuel A. Molina dated July 11, 2007 ("Molina Aff."); emphasis supplied).

- The "Payment Order" (marked as Court Exhibit 1) produced by Marlog, but which was prepared by Martrade, evinces the debt owed by *Martrade* to Inchcape for the agency services provided by the latter. (Molina Aff., Ex. A).

- Martrade directed its affiliate, Marlog, to pay the debt Martade had incurred with Inchcape. Hence, the subject transfer was made on behalf and for the benefit of Martrade. Indeed, the wire transfer sent by Marlog had the following notation: "Grand Glory V 7807 *for Martrade Gulf Logistics*." (emphasis supplied).

- The payment by Marlog was made, as conceded by Marlog's counsel, to circumvent the order and writ of maritime attachment currently in place against Martrade.

This Circuit as well as other federal courts that have addressed the issue of attachable property within the purview of Rule B have invariably ruled that, Marlog's protestations notwithstanding, the property attached need not be the exclusive "property" of the defendant. Rather, the reach of Rule B, which encompasses tangible and intangible property, is expansive and requires only that the defendant have a property interest in the attached funds. Here, admittedly, the challenged transfer was made on behalf and for the benefit of Martrade. In fact, the transfer was meant to extinguish a debt owed by Martrade to Inchcape. Thus, there cannot be any doubt that Martrade had a property interest on the funds that fell within the meaning of Rule B. Accordingly, the attachment is proper and should be maintained.

## ARGUMENT

### POINT I

### ADMITTEDLY MARLOG WAS TRANSFERRING FUNDS ON BEHALF AND FOR THE BENEFIT OF MARTRADE

At the July 6 hearing, Marlog admitted that the attached funds were being *specifically* remitted to satisfy a financial obligation owed by Martrade to Inchcape in connection with Voyage 7807 of the vessel GRAND GLORY and that the transfer was purposefully made under Marlog's name to circumvent the existing order and writ of maritime attachment against its affiliate Martrade. Under the applicable law, those admissions establish that the challenged attachment is proper. *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002); *International Ocean Way Corp. of Monrovia v. Hyde Park Navigation, Ltd.*, 555 F. Supp. 1047 (S.D.N.Y. 1983). *Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.*, 341 F.2d 50 (2d Cir. 1965); *Iran Express Lines v. Sumatrop, AG*, 563 F.2d 648 (4th Cir. 1977); *Cowles v. Kinzler*, 225 F. Supp. 63 (W.D.Pa. 1963); *Florida Conference Association of Seventh-Day Adventists v.*

*Kyriakides*, 151 F.Supp.2d 1223 (C.D.CA. 2001); *Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 743 F.2d 956 (1st Cir. 1984); *Oil Transport Co., S.A. v. Hilton Oil Transport*, 1994 A.M.C. 2817 (S.D.Tx. July 25, 1994).

Following the July 6 hearing, Plaintiff's additional research has unearthed an unpublished decision by Judge Preska which is squarely on point with the facts of this case. *Losinjka Plovidba v. Azelie Corp.*, No. 06-13627 (S.D.N.Y. Jan 29, 2007) (Exhibit B annexed to the Molina Aff.). There, defendant Azelie had a debt (charter hire payments) with non-party Sohtorik and the agreement between Azelie and Sohtorik required that the charter hire payments owed to Sohtorik be made to non-party Hellas. Azelie instructed co-defendant and corporate affiliate Cargobulk to pay Hellas $403,000 to satisfy Azelie's debt to Sohtorik. As the funds were transferred by Cargobulk to Hellas, they were restrained pursuant to a Rule B writ of attachment. In moving to vacate the attachment, Cargobulk argued that the captured funds did not belong to Azelie and therefore were outside the scope of the order and writ of attachment. Judge Preska rejected the argument and permitted the attachment to be maintained:

> The first question on the table was whether *__Azelie has a property interest in the attached funds__*. It seems pretty clear that Azelie chartered the M/V EBER from Sohtorik. The agreement between those two parties required that payments made by Azelie be made to Hellas. By December 5, 2005 *__Azelie had a debt to Sohtorik__* for, among other things, charter hire for the M/V EBER in the amount of some $403,000. *__Azelie instructed Cargobulk . . . to pay Hellas the $403,000 in satisfaction of Azelie's debt to Sohtorik.__* As those funds were transferred, that money transfer was captured pursuant to the order in this action. *__The question on the table, as I mentioned, is whether or not Azelie has a property interest in those funds__*. Here, it's clear first of all that under the rule, property interests attachable have been broadly defined . . . . Here, the undisputed fact that *__the payment was made on behalf of Azelie by Cargobulk seems to represent a sufficient property interest to be attached within the meaning of the rule__* . . . . Accordingly, I find that Azelie had a property interest that could properly have been attached in the funds. (citations omitted; emphasis supplied) (Molina Aff., Ex. B at 2 lines 2-19; 3 lines 5-6)

Here, like in the *Losinjka Plovidba* case, it is undisputed that Martrade, **_not_** Marlog, had a debt to Inchcape. It is equally undisputed that Marlog, at Martrade's direction, transferred funds on behalf and for the benefit of Martrade to satisfy Martrade's debt to Inchcape. Thus, Martrade has a property interest within the ambit of Rule B. (Concededly, Martrade was a direct beneficiary of the challenged transfer, as the captured funds were specifically being remitted to cancel the debt Martrade owed to Inchcape.)

It is noteworthy that the *Losinjka Plovidba* case eviscerates Marlog's argument that the property attached for purposes of Rule B must be "a named defendant's property" (or for that matter that alter ego allegations be averred in the complaint). In fact, Judge Preska centered the legal analysis on whether Azelie had a proprietary interest on the funds that Cargobulk advanced on behalf and for the benefit of Azelie. That Cargobulk was also a defendant (or that it was the alter ego of its affiliate) was immaterial to the disposition of the issue before the Court. Precisely because Cargobulk maintained that the attached funds were not Azelie's "property," and that it was not Azelie's alter ego, Judge Preska addressed the issue squarely; otherwise, Judge Preska could have easily ruled that since Cargobulk was a "named defendant," the attachment was proper.

Judge Preska's decision is consistent with the federal courts' expansive interpretation of the term "property." Further, in ruling that Azelie had a sufficient proprietary interest in Cargobulk's "funds" Judge Preska reaffirmed Judge Weinfeld's holding in *International Ocean* that, to the extent funds are being transferred (or set aside in an escrow account) "for the benefit of" a defendant, those funds represent an "attachable interest" within the purview of Rule B. Indeed, in its reply, Marlog deliberately ignores the *International Ocean* decision and its impact upon this case. Instead, Marlog engages in artificial distinctions in order to deflect attention

from the inescapable truth that the attached funds were being transferred by Marlog on behalf and for the benefit of Martrade to extinguish a debt owed by Martrade to non-party Inchcape and, admittedly, to circumvent the order and writ of attachment in place in this action. As the decisional law of Rule B demonstrates, form does not triumph over substance and any manner of interest in property by a defendant is sufficient to permit restraint under Rule B. Marlog's motion should therefore be denied.

## CONCLUSION

For all the foregoing reasons, Essar International Limited respectfully requests that this Court deny Marlog-LBG Logistics GmbH's motion, direct that the challenged attachment remain in place, and award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 11, 2007

> FREEHILL, HOGAN & MAHAR LLP
> Attorneys for Plaintiff
> ESSAR INTERNATIONAL LIMITED
>
> By: _____
> William L. Juska (WJ 0772)
> Manuel A. Molina (MM 1017)
> 80 Pine Street
> New York, New York 10005
> (212) 425-1900

TO: HILL RIVKINS & HAYDEN LLP
Attorneys for
MARLOG-LBG LOGISTICS GmbH

45 Broadway, Suite 1500
New York, N.Y. 10006
(212) 669-0600

Attn: Keith B. Dalen, Esq,