UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ESSAR INT'L LTD.,                                        :

       Plaintiff, :    07 Civ. 3439 (WHP)

   -against-    :    MEMORANDUM AND ORDER

MARTRADE GULF LOGISTICS, FZCO, :

       Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

    Non-party Marlog-LBG Logistics GmbH ("Marlog") moves to vacate an

attachment of funds resulting from an Order of Maritime Attachment and Garnishment against

Defendant Martrade Gulf Logistics, FZCO ("Martrade"). For the following reasons, Marlog's

motion is denied.


BACKGROUND

    On May 1, 2007, Plaintiff Essar International, Ltd. ("Essar") commenced this

action seeking attachment of Martrade's assets pursuant to Supplemental Rule B for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). On May 2,

2007, the Court issued an Order of Maritime Attachment and Garnishment against Martrade in

the amount of $1,327,249.78 ("the Attachment Order").

    On June 1, 2007, Deutsche Bank informed Essar that it had restrained a $157,000

electronic funds transfer ("EFT") pursuant to the Attachment Order (the "June 1 EFT").

(Declaration of Keith B. Dalen, dated June 29, 2007 ¶ 5.) The June 1 EFT originated with

1

Marlog and was remitted to Inchape Shipping Services ("Inchape"). Deutsche Bank restrained the June 1 EFT because the transaction confirmation included the description, "Grand Glory V7807 for Martrade Gulf Logistics." (Declaration of William L. Juska Jr., dated July 5, 2007 ("Juska Decl.") ¶ 11.) The bank advised Essar that Martrade was neither the originator nor the beneficiary of the remittance, but Essar requested that the restraint be maintained, based on the transaction description in the confirmation. (Juska Decl. ¶ 12.)

On June 29, 2007, Marlog moved to vacate the attachment of the June 1 EFT pursuant to Supplemental Rule E(4)(f) for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"). This Court heard argument on the motion on July 6, 2007. At the hearing, Martrade produced an invoice from Inchape that contained the notation, "enclosed please see payment-order from mgl-dubai [Martrade Gulf Logistics] executed from marlog-account," as well as a payment order prepared by Martrade. These documents confirm that the EFT was intended as payment for a debt owed by Martrade to Inchape. (Court Exhibit 1.) Additionally, Marlog conceded that the June 1 EFT represented payment of a debt owed by Martrade to Inchape, and that the transaction had been structured to circumvent the Attachment Order. (July 6, 2007 Hearing Tr. at 9 ("[T]his transfer was effected to avoid a [Rule] B[] attachment. We'll stipulate to that.")

DISCUSSION

Marlog's motion is predicated on two related arguments: First, that Martrade has no property interest in the June 1 EFT for Rule B purposes. Second, that its property cannot be attached because it is not a defendant in this action. Both arguments are without merit.

I. Legal Standard

   "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated." Rule E(4)(f). The Court must vacate an attachment if the plaintiff cannot, at a minimum, show that it has complied with the "filing and service requirements of Rules B and E." Aqua Stoli Shipping Ltd.v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006).


II. Martrade's Property Interest in the June 1 EFT

   Rule B provides, in relevant part:

> If a defendant is not found within a district . . . a verified complaint
> may contain a prayer for process to attach the defendant's tangible
> or intangible personal property—up to the amount sued for—in the
> hands of garnishees named in the process . . . The court must
> review the complaint and affidavit and, if the conditions of this
> Rule B appear to exist, enter an order so stating and authorizing
> the process of attachment and garnishment.

Rule B(1)(a)-(b). The Second Circuit has stated that the definition of "property" under Rule B is broad. Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 275 (2d Cir. 2002) ("It is difficult to imagine words more inclusive than 'tangible or intangible' . . . . The phrase is the secular equivalent of the creed's reference to the maker 'of all there is, seen and unseen.'"). Thus, attachable property under Rule B includes debts owed to a defendant, "even if they have not yet matured or have only partially matured," as well as electronic funds in the possession of an intermediary bank en route to a defendant recipient. Winter Storm, 310 F.3d at 276-78. Under Rule B, it is also possible for more than one party to have an interest in the same property. For

3

example, the sender and recipient of an EFT may have "overlapping property rights," rendering

the EFT attachable under Rule B if either party is a named defendant.  <u>HBC Hamburg Bulk</u>

<u>Carriers GMBH & Co. KG v. Proteinas y Oleicos S.A. de C.V.</u>, No. 04 Civ. 6884 (NRB), 2005

WL 1036127, at *4 (S.D.N.Y. May 4, 2005).

   Citing <u>DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.</u>, No. 05 Civ. 10146 (SHS),

2006 WL 1643110, at *2 (S.D.N.Y. June 13, 2006) and <u>T & O Shipping, Ltd. v. Source Link</u>

<u>Co., Ltd.</u>, No. 06-Civ-7724 (KMK), 2006 WL 3513638, at *4 (S.D.N.Y. Dec. 5, 2006), Marlog

argues that Martrade has no interest in the June 1 EFT.  However, those cases involved only

"bare assertion[s]" of a property interest.  <u>DS Bulk</u>, 2006 WL 1643110, at *2.  Here, Marlog

<u>admits</u> that the payment to Inchape was made for Martrade's benefit, and that the transfer was

orchestrated to avoid the Attachment Order.[1]  This establishes that Martrade had a property

interest in the June 1 EFT sufficient to render it attachable under Rule B.  <u>See Linea Navira De</u>

<u>Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.</u>, 169 F. Supp. 2d 1341, 1359-60 (M.D.Fla.

2001) (upholding the attachment of funds nominally belonging to non-parties because the

plaintiff provided evidence they were controlled by the defendant); <u>see also</u> <u>Greenwhich Marine,</u>

<u>Inc. v. S.S. Alexandra</u>, 339 F.2d 901, 905 (2d.Cir. 1965) ("The inherent power to adapt an

admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the

district judge sitting as an admiralty judge.").

---

[1] <u>T&O Shipping</u> is also distinguishable because the plaintiff in that case exceeded the scope of the attachment order, whereas that is not the case here.  On the contrary, the Attachment Order provided that "[t]he Clerk . . . is directed . . . to issue . . . [process] for seizure of all tangible and intangible property . . . belonging to, due, or being transferred to, from, <u>or for the benefit of the</u> <u>Defendant</u> . . . including but not limited to [property] as may be held, received, <u>or transferred for</u> <u>its benefit</u>."  (Emphasis added.)

4

III. Marlog's Non-Party Status

Rule B limits attachable property to that of a named defendant. "Modern conceptions of fairness . . . dictate that actual notice be given to persons known to claim an interest in the property that is the subject of the action where that is reasonably practicable." Winter Storm, 310 F.3d at 269; see also DS Bulk, 2006 WL 1643110, at *2 ("The language of Supplemental Rule B clearly anticipates that only a 'defendant' will be subject to an order of attachment."); T & O Shipping, 2006 WL 3513638, at *4 ("Rule B limits the scope of an attachment to a defendant who is named in the verified complaint").  Marlog argues that, because Essar did not name it as a defendant or allege an alter-ego relationship between it and Martrade in the Complaint, it has failed to satisfy the technical requirements of Rule B.  This Court disagrees.

A plaintiff need not aver an alter-ego relationship in the Complaint for a Rule B attachment to be proper.  Maersk, Inc. v. Neewra, Inc., 443 F. Supp. 2d 519, 527-30 (S.D.N.Y. Aug. 1, 2006) (holding that an analysis of whether reasonable grounds exist for a Rule B attachment is not limited to the allegations in the Complaint).  As stated, Defendant Martrade had an interest in the June 1 EFT sufficient to uphold its attachment under Rule B.  Accordingly, the requirement that the property attached be that of the named defendant is satisfied.

CONCLUSION

For the foregoing reasons, Marlog's motion to vacate the attachment of the June 1

EFT is denied.

Dated:      August 23, 2007
            New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Manuel Antonio Molina, Esq.
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY  10005
*Counsel for Plaintiff*

Keith B. Dalen, Esq.
Hill Rivkins & Hayden LLP
45 Broadway, Suite 1500
New York, NY 10006
*Counsel for Defendant*

6